UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA, | Case No.:  18cv949 JM (BGS) |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| SO CAL TRUCK ACCESSORIES & EQUIPMENT, a California corporation; and Does 1-10, | |
| Defendants. | |

## ORDER

On September 11, 2019, Plaintiff Scott Schutza ("Plaintiff") moved for summary judgment on his claims brought under the Americans With Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") based on denial of an accessible parking space, entrance doorway and transaction counter at So Cal Trucks located at 10460 Mission Gorge Road in Santee, California, on January 29, 2018.  (Doc. No. 28.)  Plaintiff requested injunctive relief and statutory damages.  (Doc. 28-1 at 13-15.)  Defendant So Cal Truck Accessories & Equipment ("Defendant") filed no opposition or statement of non-opposition.  A hearing on the motion was held on October 21, 2019.  Neither Defendant nor its counsel appeared at the hearing.  For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

If a party fails to properly address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials – including the facts

considered undisputed – show that the movant is entitled to it."  Fed. R. Civ. P. 56(e).  Under Local Rule 7.1.f.3.c., if an opposing party fails to file an opposition or statement of non-opposition, that failure may constitute a consent to the granting of the motion.  The Ninth Circuit has made clear, however, that "a nonmoving party's failure to [file an opposition] does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law."  *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

Title III of the ADA prohibits discrimination in public accommodations.  *Kohler v. Bed Bath & Beyond of California*, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015) (citation omitted).  A plaintiff is denied public accommodations on the basis of disability if there was a violation of "applicable accessibility standards."  *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citations omitted).  A facility's accessibility is defined in part by the ADA Accessibility Guidelines.  *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011).  A plaintiff can demonstrate denial of public accommodations "if the defendant failed to remove architectural barriers where such removal was readily achievable."  *Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015); *see also* 42 U.S.C. § 12182(b)(2)(A)(iv).

With respect to So Cal Truck's parking space reserved for persons with disabilities, Plaintiff fails to demonstrate his entitlement to judgment as a matter of law because he does not show that the slope of the parking space was measured in accordance with ADA standards.  *See Langer v. Garcia,* Case No. 18cv2374 VAP (FFMx), 2019 WL 1581407, at *4 (C.D. Cal. Mar. 8, 2019) (finding that the running and cross slopes must be calculated by comparing the respective ends of the parking space).  Plaintiff's motion for summary judgment as to the parking space is therefore **DENIED WITH LEAVE TO AMEND**.  If Plaintiff chooses to file an amended motion addressing this issue he must do so by ***November 4, 2019***.  Defendant shall have up to and including ***November 18, 2019*** to file its response in opposition and Plaintiff shall have up to and including ***November 28, 2019***

to file his reply. The court sets a tentative hearing date of ***December 16, 2019***. All other dates in the court's scheduling order (Doc. No. 22) remain in effect.

With respect to So Cal Truck's entrance doorway and transaction counter, during the hearing Plaintiff's counsel conceded that, as of May 7, 2019, the entrance doorway and transaction counter were compliant with ADA standards. Plaintiff's claim for injunctive relief as to the entrance doorway and transaction counter is therefore **DENIED AS MOOT**. It can be inferred, however, that they would not have been remedied but for Plaintiff's efforts. Furthermore, Plaintiff submitted sufficient proof that he was denied an accessible entrance doorway and transaction counter based on the declaration from Plaintiff's investigator that on May 7, 2018 the entrance doorway measured 26 inches wide and the transaction counter measured 39 inches high. (Doc. No. 28-1 at 6.) Plaintiff points to ADA standards requiring entrance doorways to be at least 32 inches wide and requiring a portion of transaction counters to be no more than 36 inches high. (Doc. Nos. 7 at 6, 28-1 at 11.)

Plaintiff has also established an Unruh Act violation because the discrimination suffered by Plaintiff occurred within California. *Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 847 (9th Cir. 2004) (holding that violating the ADA is a per se violation of the Unruh Act); Cal. Civ. Code § 51(f) (providing that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . . shall also constitute a violation of this section"). Under the Unruh Act, defendants are liable "for each and every offense for the actual damages, and any amount . . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). In his Complaint, Plaintiff requests the statutory minimum of $4,000. (Doc. No. 7 at 8.) Accordingly, the court awards Plaintiff $4,000 in statutory damages based on the barriers he encountered on his visit to So Cal Trucks on January 29, 2018.

IT IS SO ORDERED.

DATED: October 24, 2019

JEFFREY T. MILLER
United States District Judge